UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL EDWARDS,
:
    Petitioner,
:
: PRISONER
v.
: Case No. 3:09-cv-1310(RNC)
:
SCOTT SEMPLE, WARDEN
GARNER CORRECTIONAL
INSTITUTION,
:
    Respondent
:

## RULING AND ORDER

Petitioner seeks reconsideration of the denial of his habeas petition and his request for a certificate of appealability (ECF Nos. 84, 88). In addition, he has filed a new motion for a certificate of appealability, which is duplicative of his motion for reconsideration (ECF No. 89). Familiarity with the ruling and order denying the petition is assumed. See Ruling and Order (ECF No. 76). For reasons that follow, the motions are denied.

The standard governing motions for reconsideration is "strict." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . ." Id. "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quotations omitted). "[A] motion to reconsider should not be

granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

In the ruling denying the petition, I found that a number of petitioner's claims are procedurally defaulted because they were rejected in state habeas proceedings and he failed to exhaust state remedies. See Ruling and Order, at 6 n.2, 13-14 (ECF No. 76) (citing Edwards v. Warden, No. CV064000942, 2011 WL 2739461 (Conn. Super. Ct. May 24, 2011), aff'd sub nom. Edwards v. Comm'r of Correction, 141 Conn. App. 430, 63 A.3d 540 (2013)); Edwards v. Warden, No. CV990423254S, 2003 WL 23191955 (Conn. Super. Ct. Dec. 29, 2003), aff'd sub nom. Edwards v. Comm'r of Correction, 87 Conn. App. 517, 865 A.2d 1231 (2005)). I also concluded that Courtney Davis's recantation of the statement used to impeach petitioner at trial, viewed in light of all the evidence, does not provide petitioner with a credible, compelling claim of actual innocence, which would permit his defaulted claims to be considered on the merits. See id. at 18.

In his motions for reconsideration, petitioner argues that the eyewitness testimony on which the state relied - that he bent the victim over at the waist and shot him in the back of the head - is undercut by blood stains on the upper shoulder, collar and back of the jacket he was wearing at the time. He asserts that if he shot the victim in the manner described by the eyewitnesses, the victim's blood would not be found at those

places on the jacket. I understand him to be saying that when Davis's recantation is viewed in light of the exculpatory value of the jacket, the actual innocence exception is satisfied.

The record does not support petitioner's assertion that the victim's blood was found on the jacket at the locations he describes. The record shows that the state lab examined the jacket prior to trial and issued a report stating that it was unable to determine whether stains found on the jacket contained blood. See Trial Tr., at 81-82 (quoted in Petitioner's Request for DNA Testing (ECF No. 61, at 9)); see also Search Warrant (ECF No. 61, at 10); State Lab Report (ECF No. 61, at 16). In light of that report, the trial judge instructed the jury it was not permissible to find that any blood was found on the jacket. See Trial Tr., at 89 (quoted in Petitioner's Request for DNA Testing (ECF No. 61, at 9). When petitioner's state habeas counsel sought DNA testing of the jacket in 2009, respondent's counsel informed him that the state lab had destroyed the jacket in 2000, after petitioner's conviction had been affirmed on direct appeal.[1]

In the course of habeas proceedings in state court, petitioner made an ineffective assistance of counsel claim

---

[1] In his motions for reconsideration, petitioner states that the jacket was destroyed before his trial in violation of Brady v. Maryland, 373 U.S. 83, 87 (1963). However, nothing in the record suggests that the jacket was not available to petitioner's counsel at the time of the criminal trial.

3

predicated on his trial counsel's failure to investigate the exculpatory value of the jacket. The claim was rejected because it was "based upon conjecture and speculation." See Edwards, 2003 WL 23191955, at *4. I agree with that assessment. Even assuming the jacket was stained with the victim's blood in the locations petitioner describes, it is not apparent that blood spatter in the area of the chest, collar and back of the jacket would tend to disprove the account provided by the eyewitnesses. Nor is it apparent that blood stains in those areas of the jacket would tend to corroborate petitioner's account.[2] "[T]he medical examiner opined, based upon the angle of the gunshot wound to [the victim]'s head, that the shooting could not have occurred as described by the petitioner." Edwards, 2011 WL 2739461, at *9. The examiner stated "that the gunshot wound that he observed in [the victim]'s head could not have been caused by the victim having the gun in his right hand and pointing it to the left side of his head." Id. at *7. The presence of the victim's blood on petitioner's jacket would not affect the medical examiner's conclusion.

---

[2] At the trial, petitioner testified that he and the victim engaged in a struggle during which he struck the victim on the face and pushed him against a wall. Trial Tr., at 154 (ECF No. 1-3, at 100). At some point, the victim took out a gun and petitioner tried to disarm him. Id. at 134. In doing so, petitioner "hooked [the victim's] elbow, grabbed the barrel [of] the gun, pulled the gun back, and . . . kneed him in his groin." Id. The victim then let go of the gun and it discharged as the two were "face-to-face" and "chest-to-chest." Id.

4

In his 2006 state habeas petition, petitioner claimed that the state violated his right to due process by destroying the jacket. See Amended Petition for A Writ of Habeas Corpus, at 12-13 (Count Seven), Edwards v. Warden, No. CV06-4000942 (Conn. Super. May 18, 2009) (ECF No. 1-3, at 124-37). After a hearing, the claim was dismissed. See id., 2011 WL 2739461, at *1. Petitioner did not appeal the dismissal. In denying the petition, I concluded that this claim, like a number of other claims in the 2006 petition, could not be considered on the merits due to petitioner's procedural default. See Ruling and Order, at 18-19.

In his motions for reconsideration, petitioner seems to be seeking adjudication of this claim on the merits. He cites California v. Trombetta, 467 U.S. 479, 489 (1984), which requires the government to preserve evidence that is apparently exculpatory, and Arizona v. Youngblood, 488 U.S. 51, 5758 (1988), which recognizes a due process violation when potentially exculpatory evidence is destroyed by the government in bad faith. However, as discussed above, he fails to show that the actual innocence exception applies.

Accordingly, the motions for reconsideration are hereby denied.  A certificate of appealability will not issue.

So ordered this 24th day of July 2018.

/s/
Robert N. Chatigny
United States District Judge